AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Kansas

FILED
U.S. District Court
District of Kansas

JAN 2 8 2020

Clerk, U.S. District Court
By_____ Deputy Clerk

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Information associated with four Gmail accounts, further described on Attachment A.

Case No. 20-MJ-6028-01-GEB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Information associated with four Gmail accounts, further described on Attachment A.

located in the _____Northern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252, 2252A | Possession, receipt, presentation and distribution of child pornography |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Greg Tiano, SSA, United States Secret Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 28 Jan 2020 @ 1:44 p.m.

_____
Judge's signature

City and state: Wichita, Kansas

Honorable Gwynne E. Birzer, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH:<br><br>YAHOO19XXIDFWY@GMAIL.COM<br><br>IDFWY19XX@GMAIL.COM;<br><br>MGKEST19XX420@GMAIL.COM; AND<br><br>AFISHER19XX@GMAIL.COM;<br><br>THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE, INC. AN E-MAIL PROVIDER HEADQUARTERED AT 1600 AMPHITHEATRE PARKWAY MOUNTAIN VIEW, CA  94043 | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Greg Tiano, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with certain accounts that is stored at premises owned, maintained, controlled, or operated by Google Inc., (hereinafter, GOOGLE) an electronic communications service/remote computing service provider headquartered at 1600 Amphitheatre Parkway Mountain View, CA  94043.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require GOOGLE to

disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the accounts, including the contents of communications.

2.      I have been employed as a Criminal Investigator with the U.S. Secret Service (USSS) for 22 years. Since late 2009, I have been assigned to the Wichita Office of the U.S. Secret Service. As a Senior Resident Agent, I have been trained to conducted criminal investigations including threats against the President and other violations of Title 18 of the Federal Code. While I have some law enforcement training relative to child sexual exploitation offenses, I have conferred with investigators who are more familiar with internet-facilitated child exploitation for purposes of this investigation, as discussed below.

3.      Based on the following facts set forth in this affidavit, I believe there is probable cause to believe that violations of 18 U.S.C. §§ 2252 (prohibiting activies relating to material involving the sexual exploitation of minors) and 2252A (prohibiting activities involving material constituting or containing child pornography) have been committed by Aaron McDowell (hereinafter, McDOWELL) using the accounts described in Attachment A. There is also probable cause to search the accounts described in Attachment A for evidence, contraband, and/or fruits of these crimes further described in Attachment B.

## JURISDICTION/AUTHORITY

4.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

2

## PROBABLE CAUSE

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses, including McDOWELL. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### Background on Google

6. GOOGLE is a well-known provider of free email (Gmail), text messaging (Messages and Hangouts Chat), video messaging (Google Duo), and digital storage (Google Drive) services. These communication and storage services are all available to a user who creates a Google account. To create an account (or accounts, as GOOGLE does not prevent a single user from having multiple accounts), a user may access GOOGLE's account creation webpage[1] and fill out the account details:

---

[1] As of January 27, 2020, the account creation webpage is available here:

https://accounts.google.com/signup/v2/webcreateaccount?service=mail&continue=https%3A%2F%2Fmail.google.com%2Fmail%2F&flowName=GlifWebSignIn&flowEntry=SignUp

3



As part of the account creation process, GOOGLE requests verification of the user by sending a verification code to a phone number provided by the user:



With the exception of the potential data-rates associated with the text verification, the process of signing up for an account and accessing it only requires a device capable of accessing the web interface, an internet connection, and the account's password.

7. Once an account is created, the user may use GOOGLE's services to communicate with other users and store files, including pictures and documents. The user's content is stored on GOOGLE's servers. For instance, any email that is sent to a Gmail subscriber is stored in the subscriber's "mailbox" on GOOGLE's Gmail servers until the subscriber deletes the email or the

subscriber's mailbox exceeds the storage limits preset by Gmail. If the message is not deleted by the subscriber, the account is below the maximum limit, and the subscriber accesses the account periodically, that message can remain on the Gmail server indefinitely.

8. Aside from maintaining the user's files, GOOGLE maintains a variety of records related to a given user account. This includes internet protocol (IP) address information related to the account's creation and log-ins, as well as device identifiers for those events.

9. Generally, when served with a search warrant for an account, the electronic communications service/remote computing service provider, such as GOOGLE, will provide the contents of the specified account(s) to the investigation agency for the investigator to review. The provider can copy the contents of the account because that is within their expertise. Though the provider affirms that the records relate to the specified email account, the provider does not and will not undertake the examination of the contents of an account to make a determination as to what is relevant or irrelevant to the investigation. Generally, and in this case particularly, the provider is not familiar with the investigation and is not in a position to identify victim(s) or subject(s) of the investigation. The provider is neither qualified nor trained to search the account information as would a law enforcement officer. Only a trained agent, familiar with the statutory violations and facts of the case, can determine what items should be or should not be seized. For these reasons, your Affiant requests the provider disclose the records listed in Section 1 of Attachment B, for the account(s) listed in Attachment A.

10. Generally, the provider copies the contents of the account as the provider finds it at the time of service of the search warrant (unless a preservation letter was sent earlier). In this regard, the information provided to law enforcement is only the information currently stored or

5

maintained in the account – it may not, and likely is not, the entire account containing every user-created artifact since the account's creation. In this regard, a request for a "date range" of content would be conceptually inaccurate.

11. Additionally, information stored in the account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. Such information may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. Likewise, information stored at the user's account may further indicate the geographic location of the account user at a particular time (e.g., location information integrated into an image or video sent via email or text). Stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt (e.g., deleting communications in an effort to conceal them from law enforcement).

12. Finally, because the account itself is being used to facilitate the crimes described herein, I believe that the account as it is currently found may be seized for examination as an instrumentality of the crime, similar to a computer.

**Background regarding McDOWELL**

13.     On January 21, 2020, McDOWELL posted "I'm going to kill Trump in the white house tomorrow at 7 PM" to his Facebook page. When another user commented "Yo prove it," MCDOWELL replied "You'll see it on the news."

14.     On January 22, 2020, Affiant interviewed McDOWELL at his residence in Salina, Kansas. During this interview, McDOWELL admitted to posting his threat via Facebook, from his phone. With knowledge of his rights and having been advised of his rights, McDOWELL consented to a search of his smartphone for information pertaining to his threat against the United States' President. McDOWELL unlocked his phone, and provided it to Affiant.

15.     On January 23, 2020, Detective Jeremy Noel (of the Sedgwick County Sheriff's Office and USSS Forensic Search Partner) examined McDOWELL's phone. In the course of that examination, Noel observed images of child pornography on the phone. Noel contacted Affiant, who advised Noel to stop the examination until a search warrant or consent to search for child pornography could be obtained.

16.     On January 23, 2020, with assistance from Detective Heather Huhman (of the Wichita Police Department and Kansas Internet Crimes Against Children Task Force), Affiant interviewed McDOWELL at the Sedgwick County Sheriff's Office. Again advised of his rights, McDOWELL initially denied but subsequently admitted to seeking, receiving, and transferring child pornography via multiple internet-based websites, including Dropbox and Mega (both online file storage providers), Kik (a social media/messaging service), and Chatous (a chat/messaging service). McDOWELL advised he engaged in that activity via his phone. McDOWELL identified several email addresses he had used for these activities, including:

"yahoo19xxidfwy@gmail.com" (**TARGET ACCOUNT 1**);

"idfwy19xx@gmail.com" (**TARGET ACCOUNT 2**); and

"**mgkest19xx420@gmail.com** (**TARGET ACCOUNT 3**).

McDOWELL signed a consent to search his phone for child pornography.

17.   Examination of McDOWELL's phone revealed remnants of a "Mega" folder on the phone as well as the presence of the child pornography:

   a. File title "Thumbs.db_embedded_93.jpg" depicted adult female performing oral sex on prepubescent male; and

   b. File title "Thumbs.db_embedded_14.jpg" depicted a female engaged in sexual intercourse with a prepubescent male.

The presence of these images as "Thumbs.db" files indicated they had been downloaded to a folder on his phone.

18.   Examination of the phone also showed that browser history showing access to a Google Drive account under usernames "**yahoo19xxidfwy@gmail.com**" (**TARGET ACCOUNT 1**) and "**afisher19xx@gmail.com**" (**TARGET ACCOUNT 4**).

19.   On January 24, 2020, Affiant met again with McDOWELL, and gave written consent for law enforcement to access and change the passwords to his Mega, Dropbox, and Chatous accounts. McDOWELL understood that he would permanently lose access to these accounts, and agreed to sign them over.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

20. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require GOOGLE to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

21. Based on the forgoing, I request that the Court issue the proposed search warrant.

22. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

23. The government will execute this warrant by serving the warrant on GOOGLE. Because the warrant will be served on GOOGLE, who will then compile the requested records (at a time convenient to it but within the next 14 days), reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

GREG TIANO
Special Agent
United States Secret Service

Subscribed and sworn to before me on ___28 January___, 2020.

9

_____
THE HONORABLE GWYNNE E. BIRZER
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the account(s) described in the foregoing Affidavit of Probable Cause:

      **yahoo19xxidfwy@gmail.com**

      **idfwy19xx@gmail.com**

      **mgkest19xx420@gmail.com**

      **afisher19xx@gmail.com**

that is stored at premises owned, maintained, controlled, or operated by GOOGLE, a company headquartered at 1600 Amphitheatre Parkway Mountain View, CA  94043.

## ATTACHMENT B

### Particular Things to be Seized

I.    **Information to be disclosed by GOOGLE**

To the extent that the information described in Attachment A is within the possession, custody, or control of GOOGLE, regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to GOOGLE, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), GOOGLE is required to disclose the following information to the government for each account or identifier listed in Attachment A:

    a.    All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, verification/security contact information (e-mail addresses or phone numbers) provided during registration, and methods of connecting;

    b.    The contents of the specified account's email (Gmail) inbox, including content located in the "Sent," "Drafts," "Chats," and "Trash" folders;

    c.    The contents of the specified account's online storage (Drive) "My Drive," "Shared with me," "Recent," and "Trash" folders;

    d.    All records pertaining to the specified account's online storage (Drive) backups;

    e.    All records pertaining to communications between GOOGLE and any person regarding the account, including contacts with support services and records of actions taken.

**The Provider is hereby ordered to disclose the above information to the government within 14 DAYS of issuance of this warrant.**

II. **Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. §2252 and 2252A, including, for each account or identifier listed and on the warrant, information pertaining to the following matters:

a. The identity of the person(s) who created, accessed, or used the account, including records that help reveal the whereabouts of such person(s).

b. The identity of the device or devices used to create, access, or upload content associated with the crimes under investigation.

c. Content pertaining to sexual exploitation of children and/or child pornography, including depictions, descriptions, hyperlinks, and communications relating to the access, possession, receipt, or distribution of child pornography.

d. The identity of the person(s) who communicated with the account about matters relating to the sexual exploitation of children and/or child pornography, including records that help reveal their whereabouts.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by Google Inc., (hereinafter, GOOGLE), and my title is _____.

I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of GOOGLE. The attached records consist of **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]** _____

_____.

I further state that:

a.  all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of GOOGLE, and they were made by GOOGLE as a regular practice; and

b.  such records were generated by GOOGLE's electronic process or system that produces an accurate result, to wit:

1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of GOOGLE in a manner to ensure that they are true duplicates of the original records; and

2. the process or system is regularly verified by GOOGLE, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____      _____
Date                                          Signature